UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

PETER KLEIDMAN,

    Plaintiff,

    v.

U.S. SPECIALTY INSURANCE COMPANY; DOES 1 through 100,

    Defendants.

Case No.  5:14-cv-05158 HRL

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT LEAVE TO AMEND**

[Re:  Dkt. No. 22]

    This lawsuit arises out of a separate state court action filed by pro se plaintiff Peter Kleidman against Feeva Technology, Inc. (Feeva) and certain of its former officers and directors. That other lawsuit will be referred to here as the "Underlying Action." Pursuant to an insurance policy issued to Feeva, U.S. Specialty Insurance Company (U.S. Specialty) retained the Kaufhold Gaskin LLP law firm (Kaufhold Gaskin) to represent certain of the defendants in the Underlying Action.

    Kleidman subsequently filed the instant lawsuit against U.S. Specialty in state court, claiming that the tender of the defense of the Underlying Action is invalid. In sum, plaintiff says that all of Feeva's directors, officers, and employees left the company in 2010, leaving no one with authority to act on Feeva's behalf to tender the defense of the Underlying Action, which was filed in 2013. Maintaining that U.S. Specialty unlawfully assumed the defense of the Underlying Action, Kleidman asserts two claims for relief:  one for alleged violation of California's Unfair

Competition Law (UCL), Cal. Bus. & Prof. Code § 17200, and the other for declaratory relief under Cal. Code Civ. Proc. § 1060. He seeks an order enjoining U.S. Specialty from assuming the defense of the Underlying Action, as well as a declaration that tender of the defense of the Underlying Action is invalid.

U.S. Specialty removed the matter here, asserting diversity jurisdiction, 28 U.S.C. § 1332. Pursuant to Fed. R. Civ. P. 12(b)(6), U.S. Specialty now moves to dismiss the complaint on the grounds that Kleidman has no standing to assert, and is also collaterally estopped from asserting, that U.S. Specialty's defense of the Underlying Action is improper. Plaintiff opposes the motion. All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Upon consideration of the moving and responding papers, as well as the arguments of counsel, this court grants the motion without leave to amend.

## LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is appropriate where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. Id. (citing Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990)). In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant. Id. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Moreover, "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citations omitted)

1  However, only plausible claims for relief will survive a motion to dismiss. Iqbal, 129 S.Ct. at
2  1950. A claim is plausible if its factual content permits the court to draw a reasonable inference
3  that the defendant is liable for the alleged misconduct. Id. A plaintiff does not have to provide
4  detailed facts, but the pleading must include "more than an unadorned, the-defendant-unlawfully-
5  harmed-me accusation." Id. at 1949.

Documents appended to the complaint or which properly are the subject of judicial notice may be considered along with the complaint when deciding a Fed. R. Civ. P. 12(b)(6) motion. See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990); MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).[1]

While leave to amend generally is granted liberally, the court has discretion to dismiss a claim without leave to amend if amendment would be futile. Rivera v. BAC Home Loans Servicing, L.P., 756 F. Supp.2d 1193, 1997 (N.D. Cal. 2010) (citing Dumas v. Kipp, 90 F.3d 386, 393 (9th Cir. 1996)).

## DISCUSSION

### A. Plaintiff Lacks Standing

To claim that U.S. Specialty violated the "unlawful" prong of the UCL, Kleidman must demonstrate how defendant's conduct amounts to a predicate violation of some other law. See Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal.4th 163, 180, 83 Cal. Rptr.2d 548 (1999) (the UCL "borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable") (citations and quotation marks omitted). Kleidman does not clearly identify what law U.S. Specialty purportedly violated, but his allegations indicate that the only ostensible basis for U.S. Specialty's supposed "unlawful" conduct is contractual in nature. The gravamen of his allegations is that U.S. Specialty did not properly undertake the defense of the Underlying Action in accordance with the terms of Feeva's

---

[1] U.S. Specialty's request for judicial notice (RJN) is granted. Fed. R. Evid. 201. The court has not considered the actual insurance policy submitted by defendant as Exhibit A to its motion because the court found it unnecessary to do so in resolving this motion. Additionally, the court has not considered plaintiff's declaration, which is extra-pleading material that cannot properly be considered on a Fed. R. Civ. P. 12(b)(6) motion to dismiss.

United States District Court
Northern District of California

policy---in particular, the policy's "Option to Tender Defense of Claims to Insurer" clause. (See Complaint ¶¶ 6-12). Kleidman is not an insured under that insurance policy. Nor is he seeking relief on behalf of any insureds. He has no standing to challenge U.S. Specialty's contractual obligations under that contract. See generally Republic Indemnity Co. of Am. v. Schofield, 47 Cal. App.4th 220, 227, 54 Cal. Rptr.2d 637 (1996) ("Moreover, a person who is not insured under a policy has no standing to bring an action based on a breach of the contract of insurance.") (citing Gantman v. United Pacific Ins. Co., 232 Cal. App.3d 1560, 1566, 284 Cal. Rptr. 188 (1991)).

In his opposition brief, plaintiff now says he is not claiming any breach of Feeva's insurance policy. Instead, he says he "is seeking to enjoin U.S. Specialty from the commission of extra-contractual unlawful acts." (Opp. at 7). Plaintiff explains that what he is actually claiming is that U.S. Specialty unlawfully retained Kaufhold Gaskin to defend parties in the Underlying Action, without the parties' consent to an attorney-client relationship with that firm. Thus, in Kleidman's view, Kaufhold Gaskin does not actually represent the parties in the Underlying Action and therefore cannot lawfully act on the parties' behalf in that suit. Plaintiff's arguments are unpersuasive. His newly articulated theory of liability is just another way of saying that since there was no one to act on Feeva's behalf, Feeva could not have properly tendered the defense under the terms of its insurance policy and hence, U.S. Specialty was not contractually authorized to undertake the defense of the Underlying Action. For the reasons discussed above, Kleidman has no standing to make that claim. Plaintiff is not aided by his citation to In re Barnett, 31 Cal.4th 466 (2003). That case simply held that a litigant who was represented by counsel could not submit pro se petitions that otherwise fell within the scope of his attorney's representation. Plaintiff's UCL claim is dismissed.

Nor does plaintiff have standing to bring his declaratory relief claim under California Code of Civil Procedure § 1060. That statute provides, in relevant part:

> Any person interested under a written instrument, excluding a will or a trust, or under a contract, or who desires a declaration of his or her rights or duties with respect to another, . . . may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an original action or cross-complaint in the superior court for a declaration of his or her rights and duties in the

>premises, including a determination of any question of construction or validity arising under the instrument or contract.

Cal. Code Civ. Proc. § 1060. In his opposition brief, Kleidman now says that he is not seeking relief with respect to the insurance policy, but rather, the written tender of the defense of the Underlying Action. He argues that he has standing to seek declaratory relief with respect to the written tender because he claims to have an interest in it and because there is a dispute as to his and U.S. Specialty's rights and duties in connection with it. There is, however, nothing to suggest that the written tender created any rights or duties between plaintiff and U.S. Specialty. Plaintiff's declaratory relief claim is dismissed.

### B. Plaintiff is Collaterally Estopped from Pursuing his Claims

Even if Kleidman had standing to bring his UCL and declaratory relief claims, he is collaterally estopped from asserting them here. The doctrine of collateral estoppel "preclude[s] a party to prior litigation from redisputing *issues* therein decided against him, even when those issues bear on different claims raised in a later case." Roos v. Red, 130 Cal. App.4th 870, 879, 30 Cal. Rptr.3d 446 (2005) (quotations and citation omitted).[2] "Moreover, because the estoppel need not be mutual, it is not necessary that the earlier and later proceedings involve the identical parties or their privies. Only the party *against whom* the doctrine is invoked must be bound by the prior proceeding." Id. "Collateral estoppel applies when (1) the party against whom the plea is raised was a party or was in privity with a party to the prior adjudication, (2) there was a final judgment on the merits in the prior action and (3) the issue necessarily decided in the prior adjudication is identical to the one that is sought to be relitigated." Id. (citation omitted).

All requirements for application of the doctrine are met here. Kleidman points out that "[a]ny dispute as to the authority of the counsel of record to act for the party he purports to represent may be raised in the trial court." Abeles v. State Bar, 9 Cal.3d 603, 609 n.7, 108 Cal. Rptr. 359 (1973). And, indeed the record presented indicates that he did just that. In the Underlying Action, he filed a motion to disqualify Kaufhold Gaskin, which raised the very issues

---

[2] Defendant correctly notes that California's res judicata law applies here. See Washington Public Power Supply Sys v. Pittsburgh-Des Moines Corp., 876 F.2d 690, 699 (9th Cir. 1989).

he now seeks to litigate before this court. (Dkt. 23, RJN, Exs. B-C). Judge Lucas, who apparently presided over the matter in the state court, denied that motion. (Id., Ex. D). Defendant points out that orders on motions to disqualify counsel are deemed final for purposes of appeal. See Meehan v. Hopps, 45 Cal.2d 213, 216-17, 288 P.2d 267 (1955). And, Kleidman has, in fact, appealed Judge Lucas' decision. (Id., Ex. E). Plaintiff argues that Judge Lucas' order is "terse." (Opp. at 12). But, there is nothing to suggest that her ruling was anything other than a decision on the merits. Plaintiff is collaterally estopped from pursuing his claims here.

## ORDER

Based on the foregoing, U.S. Specialty's Fed. R. Civ. P. 12(b)(6) motion to dismiss is granted. Because the court concludes that the deficiencies addressed in this order cannot be remedied in an amended pleading, the dismissal of plaintiff's claims is without leave to amend. The clerk shall enter judgment of dismissal and close the file.

SO ORDERED.

Dated:   February 10, 2015

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5:14-cv-05158-HRL Notice has been electronically mailed to:

Joseph A. Bailey, III     jbailey@goodwin.com

Matthew Parker Smith     Matthew.Smith@DBR.com, gloria.cadena@dbr.com, james.garrett@dbr.com

Peter Kleidman     kleidman11@gmail.com

Rodney Michael Hudson     rodney.hudson@dbr.com, Alldrila@DBR.com, Allyson.Day@dbr.com, debra.krueger@dbr.com